Filed 4/12/23  P. v. Powell CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHAEL ANTHONY POWELL,<br><br>    Defendant and Appellant. | B321035<br><br>(Los Angeles County<br>Super. Ct. No. TA101113) |

　　　　APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Laura R. Walton, Judge.  Affirmed.

　　　　Jonathan E. Demson, under appointment by the Court of Appeal; and Michael Anthony Powell, in pro. per., for Defendant and Appellant.

　　　　No appearance for Plaintiff and Respondent.

_____

A jury convicted Michael Anthony Powell in October 1999 of first degree murder (Pen. Code, § 187, subd. (a))[1] under the provocative act doctrine and found true the special-circumstance allegation he had committed the murder during an attempted robbery (§§ 211, 664) within the meaning of section 190.2, subdivision (a)(17). Powell was sentenced to a state prison term of life without parole plus 10 years for a related firearm enhancement (§ 12022.53, subd. (b)).

On May 20, 2022 the superior court denied Powell's second postjudgment petition for resentencing pursuant to section 1172.6 (former section 1170.95). The court ruled Powell could still be convicted of first degree murder under a theory of provocative act murder and was ineligible for resentencing relief.

No arguable issues have been identified following review of the record by Powell's appointed appellate counsel. We also have identified no arguable issues after our own independent review of the record and analysis of the contentions presented by Powell in his supplemental brief. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

1. *Powell's Conviction for Provocative Act and Special-circumstance Murder*

In March 1999 Dennis Smith and Powell, armed with a gun, entered a retail store intending to rob it. Once inside, Smith and Powell fought with the store manager and one of her grandsons. Another grandson retrieved a gun from his grandmother's purse and shot at the two would-be robbers,

---

[1]     Statutory references are to this code.

killing Smith. (*People v. Powell* (July 16, 2001, B139146) [nonpub. opn.] (*Powell I*).)[2]

The jury at Powell's trial was instructed with CALJIC No. 8.12, which provided in part, "A homicide committed during the commission of a crime by a person who is not a perpetrator of such crime, in response to an intentional provocative act by a perpetrator of the crime other than the deceased perpetrator, is considered in law to be an unlawful killing by the surviving perpetrator of the crime. [¶] An intentional provocative act is defined as follows: [¶] 1. The act was intentional. [¶] 2. The natural consequences of the act were dangerous to human life, and [¶] 3. The act was deliberately performed with knowledge of the danger to, and with conscious disregard for human life."

Powell's jury was also instructed, pursuant to CALJIC No. 3.40, "The criminal law has its own particular way of defining cause. A cause of the death is an act that sets in motion a chain of events that produces as a direct, natural and probable consequence of the act the death of Dennis Smith and without which the death of Dennis Smith would not have occurred."

The jury convicted Powell of provocative act murder and attempted robbery, found true the special-circumstance allegation the murder was committed during the attempted robbery and also found true the allegation that Powell had personally used a firearm during commission of the crimes.

---

[2] This brief summary of facts is drawn from our prior opinion in Powell's direct appeal. We rely on that opinion solely for the purpose of summarizing the background of this case. Our consideration of whether Powell is entitled to relief under section 1172.6 is based on our independent review of the record. (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 222, fn. 2.)

We affirmed the conviction on appeal, holding that substantial evidence supported Powell's murder conviction and that the trial court properly sentenced Powell to life in prison without the possibility of parole under section 190.2, subdivision (a)(17). (*Powell I, supra,* B139146.)

    2. *Powell's Original Petition for Resentencing*

In 2019 Powell, representing himself, filed a petition for resentencing pursuant to former section 1170.95, averring he had been convicted of first degree murder under a felony-murder or natural and probable consequences theory and could not be convicted of murder under current law.[3] The superior court found Powell had stated a prima facie case for relief, appointed counsel to represent him and set the matter for an evidentiary hearing under former section 1170.95, subdivision (d). Following

---

[3]    As is now well-known, Senate Bill No. 1437 (Stats. 2018, ch. 1015) modified the law relating to accomplice liability for murder, eliminating the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843) and narrowing the felony-murder exception to the malice requirement for murder. (§§ 188, subd. (a)(3), 189, subd. (e); see *People v. Strong* (2022) 13 Cal.5th 698, 707-708; *People v. Lewis* (2021) 11 Cal.5th 952, 957.) Section 188, subdivision (a)(3), now prohibits imputing malice based solely on an individual's participation in a crime and requires proof of malice to convict a principal of murder except under the revised felony-murder rule. Senate Bill No. 1437 also authorized an individual convicted of felony murder or murder based on the natural and probable consequences doctrine to petition to vacate the conviction and be resentenced on any remaining counts if he or she could not now be convicted of murder because of these changes to the definitions of the crime. (See *Strong,* at p. 708; *Lewis,* at p. 957; *Gentile,* at p. 843.)

the hearing, the court denied the petition, ruling Powell was ineligible for relief because he had been convicted under the provocative act doctrine, not the felony-murder rule or the natural and probable consequences doctrine.

We affirmed the order denying the petition. (*People v. Powell* (Aug. 18, 2021, B304587) [nonpub. opn.] (*Powell II*).) As we explained, the record of conviction established (and Powell did not dispute) the trial court did not instruct the jury on, the prosecution did not argue Powell was guilty of, and the jury did not convict Powell of, felony murder. And Powell did not argue he had been convicted under the natural and probable consequences doctrine. We further held the fact that a second degree provocative act murder could be elevated to first degree murder pursuant to felony-murder principles, as in this case, did not transform the former into the latter or make an otherwise ineligible petitioner eligible for resentencing relief. (*Ibid.*)

3. *Powell's Second Petition for Resentencing*

On April 6, 2022 Powell filed a second petition for resentencing pursuant to section 1172.6. On May 20, 2022 the superior court summarily denied the petition without appointing counsel. The court noted that Powell's prior petition had been denied following an evidentiary hearing because Powell, convicted of provocative act murder, was ineligible for resentencing and that this court had affirmed the order in *Powell II*. Powell could still be convicted of first degree murder, the court ruled, and thus remained ineligible for resentencing relief.

Powell filed a timely notice of appeal.

## DISCUSSION

In accord with the procedures described in *People v. Delgadillo* (2022) 14 Cal.5th 216 and *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted October 14, 2020, S264278, we appointed counsel to represent Powell on appeal. After reviewing the record, appointed counsel did not identify any arguable issues and so informed this court. Appointed counsel advised Powell on February 1, 2023 that he was filing a brief stating he was unable to find arguable issues, that Powell could personally submit any contentions Powell believed the court should consider, and that the appeal may be dismissed if no supplemental brief or letter was submitted.

After granting Powell's request for an extension of time to submit a supplemental brief, on March 8, 2023 we received from Powell a multi-page, partially typed, partially handwritten supplemental brief with exhibits that included several of the jury instructions from his trial, an excerpt of the reporter's transcript covering a discussion of the jury instructions and the minute order denying Powell's initial petition for resentencing. Although it is far from clear, it appears Powell contends the superior court erred in summarily denying his second petition for resentencing because his conviction for provocative act murder was based on a now-improper finding of implied malice and because the instructions at his trial included a definition of causation that rested on the concept of natural and probable consequences. Neither contention has any arguable merit.

Powell is correct that provocative act murder is a form of implied malice murder. (See, e.g., *People v. Mancilla* (2021) 67 Cal.App.5th 854, 867 ["[A] murder conviction under the provocative act doctrine requires proof the defendant 'personally

6

harbored the mental state of malice.' [Citations.] That is, the defendant (or his or her accomplice) must have acted with implied malice—the defendant knew his or her conduct endangered the life of another and acted with conscious disregard for life"].) But implied malice remains a viable theory of murder. (§ 188, subd. (a) ["malice may be express or implied"]; see *People v. Gentile* (2020) 10 Cal.5th 830, 850 ["notwithstanding Senate Bill 1437's elimination of natural and probable consequences liability for second degree murder, an aider and abettor who does not expressly intend to aid a killing can still be convicted of second degree murder if the person knows that his or her conduct endangers the life of another and acts with conscious disregard for life"]; *People v. Superior Court* (*Valenzuela*) (2021) 73 Cal.App.5th 485, 499.) And the provocative act theory of murder does not involve a prohibited imputation of malice: "A murder conviction under the provocative act doctrine thus requires proof that the defendant personally harbored the mental state of malice, and either the defendant or an accomplice intentionally committed a provocative act that proximately caused an unlawful killing." (*People v. Gonzalez* (2012) 54 Cal.4th 643, 655; accord, *People v. Schell* (2022) 84 Cal.App.5th 437, 444 ["provocative act murder requires a showing that the defendant personally harbored malice"]; *Mancilla*, at p. 866.)

Equally devoid of merit is Powell's suggestion that his conviction for provocative act murder was based on the natural and probable consequences doctrine because instructions given at his trial defined an act as a cause of the victim's death if the death was the direct, natural and probable consequence of the act. "Murder includes both actus reus and mens rea elements.

7

To satisfy the actus reus element of murder, the act of either the defendant or *an accomplice* must be the proximate cause of death.'  Consideration of the natural and probable consequence of the defendant's conduct in the context of provocative murder, as with any case of implied malice murder, relates to proximate cause—that is to the actus reus element of the crime, not the mens rea element that was the focus of Senate Bill 1437." (*People v. Mancilla*, *supra*, 67 Cal.App.5th at p. 868, fn. omitted; accord, *People v. Swanson* (2020) 57 Cal.App.5th 604, 614, review granted Feb. 17, 2021, S266262 ["analysis of proximate cause in terms of foreseeability of the natural and probable consequences of the defendant's malicious conduct does not somehow bring a provocative act killing within the malice-free natural and probable consequences doctrine"].)

Because no cognizable legal issues have been raised by Powell's appellate counsel or by Powell or identified in our independent review of the record, the order denying his petition for resentencing is affirmed.  (See *People v. Delgadillo*, *supra*, 14 Cal.5th at pp. 231-232: see also *People v. Cole*, *supra*, 52 Cal.App.5th at pp. 1039-1040, review granted; *People v. Serrano* (2012) 211 Cal.App.4th 496, 503; see generally *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The postjudgment order is affirmed.


PERLUSS, P. J.

We concur:


SEGAL, J.          FEUER, J.

8